[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff here, Robert Shernow (Shernow), is seeking a new trial after a jury in 1988 returned a verdict against him in the aggregate of $400,000, in favor of the now defendant, Mary Lou Sciola (Sciola). See Sciola v. Shernow, 22 Conn. App. 351. His petition and proof concerns the newly offered testimony of Sciola's brother, Carl, contradicting his former sworn statements to the Meriden police shortly after the incident.
 I
The court finds that on April 20, 1984, Mary Lou Sciola went to the Meriden Police Department and reported she was sexually assaulted while under nitrous oxide in Shernow's dental office on April 19, 1984. She recited in her statement to the police of that date that Carl Sciola advised her to report so on the evening of the 19th. Carl Sciola also gave a statement to the Meriden police on April 25, 1984, to the same effect and detailing his movements and his sister's following Mary Lou Sciola's visit to Shernow's office. This statement is contrary to his testimony at the hearing but is supportive and corroborative of Mary Lou Sciola's testimony at the jury trial. Carl Sciola's prior convictions for criminal attempt to commit larceny in the first degree and larceny first degree, his prior contradictory sworn statements given shortly after April 19th, his lack of knowledge of his sister's smoking habits in recent years,[1] his testimony that Sciola complained of a sexual assault and of too much gas on the evening of April 19th, all combine to support the court's conclusion that the petition for a new trial should be denied. CT Page 2640
The principle allowing a petition for a new trial is that no injustice should remain if newly discovered evidence would cause it to be corrected. The offered evidence of Carl Sciola does not merit such consideration.
The court should grant a new trial under the circumstances if the newly discovered evidence is likely to produce a different result, Asherman v. State, 202 Conn. 429, 434, or probably would do so. Asherman v. State, supra; Barr v. Lichtenheim, 190 Conn. 351, 355.
In view of the facts, this court, after examining the trial transcript, is unable to conclude that Carl Sciola's testimony as offered at the hearing would probably or be likely to, change the outcome of this case.
 II
The court also finds that at the start of the 1988 trial, Shernow's counsel was shown a copy of the police report which contained Carl Sciola's April 23, 1984 statement. No evidence was presented that the defendant made any effort thereafter to contact and interview Carl Sciola.
The court finds that Carl Sciola could have been located and interviewed during the trial. Assuming he would have given his present version of the events of April 19, 1984, that evidence could have been produced if due diligence had been exercised. On those additional grounds the petition should be denied. See Kubeck v. Foremost, 190 Conn. 667,672-673, note 6.
Accordingly, the petition for a new trial is denied.
McDonald, J.